**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **ELEVIA, INC. D/B/A APPLE DENTIST,** | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| **v.** | § | |
| | § | **CIVIL ACTION NO. _____** |
| **AMGUARD INSURANCE COMPANY,** | § | |
| | § | |
| *Defendant*. | § | |
| | § | |
| | § | |
| | § | |

## DEFENDANT AMGUARD INSURANCE COMPANY'S NOTICE OF REMOVAL

Notice is hereby given that, under 28 U.S.C. §§ 1332, 1441, and 1446, AmGUARD Insurance Company ("AmGUARD") removes this action from the 269th Judicial District Court of Harris County, Texas, to the United States District Court for the Southern District of Texas, Houston Division, and as grounds for removal states as follows:

### I.    STATE COURT ACTION

1.    On September 3, 2019, Plaintiff Elevia, Inc. d/b/a Apple Dentist ("Plaintiff") filed an Original Petition ("Petition") in the 269th Judicial District Court of Harris County, Texas, styled *Elevia, Inc. d/b/a Apple Dentist v. AmGUARD Insurance Company*, Cause No. 2019-62840 (the "State Court Action").[1]

2.    Plaintiff asserts claims relating to the allegedly improper denial of an insurance claim concerning alleged damage to Plaintiff's property that occurred on or about August 26,

---

[1] The Petition is contained in Exhibit D as a part of the State Court Action file.

81492256v.1

2017.[2]  On the basis of these allegations, Plaintiff asserts alleged claims for breach of contract, violations of the Texas Deceptive Trade Practices Consumer Protection Act, violations of Chapters 541 and 542 of the Texas Insurance Code, and breach of a duty of good faith and fair dealing against AmGUARD.[3]  Plaintiff seeks monetary relief over $200,000 but not more than $1,000,000.[4]

3.      With this Notice of Removal, AmGUARD removes the State Court Action to this Court on the basis of diversity jurisdiction, as more fully described below.

## II.      PROCEDURAL REQUIREMENTS

4.      This action is properly removed to this Court because the State Court Action is pending within this district and division (Harris County). 28 U.S.C. §§ 124(b)(2), 1441, 1446(a).

5.      This removal is timely because it is filed within thirty days of AmGUARD being served or otherwise making an appearance in the State Court Action.[5] 28 U.S.C. § 1446(b).

6.      Under 28 U.S.C. § 1446(a), attached hereto as **Exhibit D** is a true and correct copy of the entire file from the State Court Action at the time of this removal.

7.      Pursuant to 28 U.S.C. § 1446(a) and Southern District of Texas Local Rule CV-81, this Notice of Removal is accompanied by copies of the following materials:

**Exhibit A**      **Index of Matters Being Filed**

**Exhibit B**      **Civil Cover Sheet with Attachment**

---

[2] Petition, at ¶¶ 5-12.

[3] Petition, at ¶¶ 17-40.

[4] Petition, at ¶ 44.

[5] *See* Exhibit E, showing service of process on AmGUARD on September 16, 2019, and Exhibit D-2, showing AmGUARD's initial appearance in the State Court Action.

| | |
|---|---|
| **Exhibit C** | **List of All Counsel of Record** |
| **Exhibit D** | **State Court Docket Sheet** |
| **Exhibit D-1** | **Plaintiff's Original Petition** |
| **Exhibit D-2** | **Defendant's Original Answer** |
| **Exhibit D-3** | **Verification of Shana R. Messinger** |
| **Exhibit E** | **Citation of Service upon Defendant AmGUARD** |

8.      Under 28 U.S.C. § 1446(d), AmGUARD is contemporaneously with the filing of this Notice of Removal: (1) serving Plaintiff with a copy of the Notice of Removal, and (2) filing a copy of the Notice of Removal in the 269th Judicial District Court of Harris County, Texas.

### III.      DIVERSITY JURISDICTION

9.      The Court has diversity jurisdiction in this matter.  Where there is complete diversity among parties and the amount in controversy exceeds $75,000, an action may be removed to federal court. 28 U.S.C. §§ 1332(a), 1441(a). Complete diversity exists in this case because Plaintiff is not a citizen of the same state as AmGUARD. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). Further, as shown below, the amount in controversy requirement is satisfied.

**A.      Diversity of citizenship exists between Plaintiff and AmGUARD.**

10.      Plaintiff is a Texas corporation with its principal place of business in Texas.[6] Plaintiff is a Texas citizen for purposes of diversity jurisdiction.[7]

11.      AmGUARD is a corporation organized under Pennsylvania law with its principal place of business in Wilkes Barre, Pennsylvania.  A corporation is a citizen of the state where it was incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1).

---

[6] Petition, at ¶ 3.

[7] Petition, at ¶ 3.

81492256v.1

Therefore, AmGUARD is a citizen of Pennsylvania for purposes of diversity jurisdiction.

12.     Because Plaintiff is a Texas citizen and AmGUARD is a Pennsylvania citizen, there is complete diversity between the parties. *See* 28 U.S.C. § 1332(c)(1).

**B.     The Amount-in-Controversy requirement is satisfied.**

13.     The amount-in-controversy element is also satisfied.  Where a defendant can show, by a preponderance of the evidence, that the amount in controversy is greater than the jurisdictional amount, removal is proper.  *See White v. FCI U.S.A., Inc*., 319 F.3d 672, 675 (5th Cir. 2003); *St. Paul Reins. Co. v. Greenberg*, 134 F.3d 1250, 1253 n.13 (5th Cir. 1998) ("The test is whether it is more likely than not that the amount of the claim will exceed [the jurisdictional minimum].").  The defendant can meet its burden if it is apparent from the face of the petition that the claims are likely to exceed $75,000.  *See, e.g.*, *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *Greenberg*, 134 F.3d at 1253.  To determine the amount in controversy, a court may consider actual damages, exemplary damages, and attorneys' fees.  *White*, 319 F.3d at 675–76.  A plaintiff's pleading for a specific sum made in good faith is deemed the amount in controversy. 28 U.S.C. § 1446(c)(2).

14.     Here, Plaintiff specifically seeks "monetary relief of over $200,000."[8]  Although AmGUARD denies that Plaintiff is entitled to any damages or relief, when the requested actual damages, exemplary damages, and attorneys' fees are included in the amount-in-controversy calculus, it is clear that the amount in controversy exceeds $75,000, exclusive of interest and costs.

15.     Because there is complete diversity among the parties and the amount-in-controversy requirement is satisfied, this Court has jurisdiction under 28 U.S.C. §§ 1332, 1441, and 1446.  Therefore, removal is proper.

---

[8] Petition, at ¶ 44.

## IV.     REQUEST FOR RELIEF

16.     For these reasons, AmGUARD removes this action from the 269th Judicial District Court of Harris County, Texas, to the United States District Court for the Southern District of Texas, Houston Division, so that this Court may assume jurisdiction over the cause as provided by law.

Respectfully submitted,

**LOCKE LORD LLP**

By:*/s/ Susan A. Kidwell*
    Susan A. Kidwell
    skidwell@lockelord.com
    Texas State Bar No. 24032626
    S.D. Tex. No. 631211
    600 Congress Ave, Suite 2200
    Austin, TX 78701
    (512) 305-4766 (Telephone)
    (512) 391-4766 (Facsimile)
      *Attorney-in-Charge*

    Sagar Patel
    sagar.patel@lockelord.com
    Texas State Bar No. 24088195
    S.D. Tex. No. 615599
    Eric Boylan
    eric.boylan@lockelord.com
    Texas State Bar No. 24105519
    S.D. Tex. No. 3283358
    600 Travis Street, Suite 2800
    Houston, Texas 77002
    (713) 226-1200 (Telephone)
    (713) 223-3717 (Facsimile)

    ***Attorneys for Defendant AmGUARD Insurance Company***

5

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing document was served on October 16, 2019 the following parties or counsel in accordance with the FEDERAL RULES OF CIVIL PROCEDURE:

**VIA E-SERVICE**
C. Bryan Beverly
The Voss Law Center
26619 Interstate 45 South
The Woodlands, Texas 77380
Telephone: (713) 861-0015
Facsimile: (713) 861-0021
bryan@vosslawfirm.com

*Attorney for Plaintiff*

*/s/ Susan A. Kidwell*
Susan A. Kidwell

6

81492256v.1